THE CHEROKEE AND DAKOTA RAILWAY COMPANY *et al.*
v. RENKEN.

**Railroads: PROMISE OF RIGHT OF WAY: QUIETING TITLE: EVIDENCE.** The evidence in this case shows that, before plaintiff's road was built over defendant's land, defendant promised that he would give the right of way therefor. While the road was not located relying upon this particular grant of right of away, it appears that the securing of the right of way generally was a condition to its location. *Held* that a decree quieting the title thereof in plaintiff was justified by the facts.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, MAY 11, 1889.

ACTION to quiet title to the right of way over certain lands belonging to the defendant. There was a decree for the plaintiff and defendant appeals.

*Van Wagenen & McMillen,* for appellant.

*J. M. Parsons,* for appellee.

GRANGER, J.—The plaintiff, in 1887, constructed a line of railroad from Cherokee, Iowa, to Sioux Falls, Dakota, which line crossed the lands of the defendant,

the right of way over which is in question. The main controversy is as to whether or not, before the construction of the road, the defendant agreed that, in consequence of the building of the road, he would give the right of way. As we view it, the case involves simply this question of fact. The testimony is short. Prior to the location of the road, and while its location was doubtful, about Sheldon and points in Lyon county there was considerable anxiety to secure it. Committees were appointed with a view to secure the right of way as a condition upon which the road might be located. The defendant was interviewed by one of the plaintiffs, who testifies that he said to him that he would not then sign a contract to give the right of way, but that he would give it. Huntington, Smith and Brown each testify that defendant said he would give the right of way if the road was built. While it does not appear that the road was located relying upon this particular grant of right of way, it does appear that the securing the right of way generally was a condition to its location. Opposed to this testimony is that of the defendant alone, in which he denies having agreed to give the right of way. It is unnecessary to discuss the evidence. It is sufficient to say that it largely predominates in favor of the plaintiff, and the judgment below is

AFFIRMED.